## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIFFANY DYER, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| | : | |
| | : | NO. 1:20-cv-00299-ELH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RECEIVABLES MANAGEMENT SYSTEMS | : | |
| | : | |
| Defendant. | | |

### JOINT MOTION FOR AN ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

**PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Tiffany Dyer ("Plaintiff"), and Receivables Management Systems ("Defendant" or "RMS"), by and through their undersigned counsel, will jointly move this Honorable Court, on a date and time to be determined by the Court for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Specifically, the Parties will jointly move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action, and granting preliminary approval of the settlement, on behalf of the following class:

> All Maryland consumers who were sent collection letters and/or notices from Defendant, during the period of February 05, 2019 to present, attempting to collect a consumer debt owed to or allegedly owed to Patient First, which included a $40.00 collection fee, when no such fee was expressly authorized by the agreement creating the debt.

In support of this motion, the Parties respectfully state the following:

1.  Plaintiff filed this class action lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"), which alleges RMS violated the FDCPA by

- 2 -

sending consumers written collection communications that contained a fee not authorized by the agreement creating the debt or authorized by law.

2. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

3. RMS has acknowledged that there are approximately 982 persons who meet the class definition, which is set forth above and alleged in Plaintiff's Complaint.

4. There are questions of law and fact common to the Settlement Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to Plaintiff and the Settlement Class is that RMS sent each of them a <u>standardized</u>, computer-generated, collection letter in an attempt to collect a debt, which contained the same language. The common legal issues are whether RMS's foregoing collection letter violate the FDCPA.

5. There are no individual issues other than identifying the individual class members and identifying which class members paid the $40.00 fee, which is a ministerial task RMS has already accomplished through a review of its business records.

8. Plaintiffs' claims are typical of those of the class members. All of them are based on the same alleged facts (i.e., a standardized letter) and the same legal theories (FDCPA violations).

6. The Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Moreover, neither Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue this action.

7. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2).

(b) Most class members are unaware of their rights and have no knowledge that their rights are being allegedly being violated by collection letter.

(c) The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a maximum recovery of *up to* $1,000.00.

(d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

8. Accordingly, the Parties jointly request certification of a class action and preliminary approval of their class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declaration of Ari Marcus, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

Respectfully submitted this 2nd day of November, 2020

*s/ Ari Marcus*
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Telephone: (732) 695-3282
Facsimile:  (732) 298-6256

- 4 -

Ari@MarcusZelman.com
*Attorneys for Plaintiff*


*s/ Adam Sampson*_____ _____
Adam Sampson, Esq.
Rollins Smalkin Richards & Mackie, LLC
300 East Lombard Street, Suite 900
Baltimore, MD 21202
Tel: 410-727-2443
asampson@rsrm.com
*Attorney for Defendant*

- 4 -