IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIFFANY DYER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RECEIVABLES MANAGEMENT SYSTEMS <br><br> Defendant. | CIVIL ACTION <br><br> NO. 1:20-cv-00299-ELH <br><br> **[PROPOSED] PRELIMINARY APPROVAL ORDER** |

The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, TIFFANY DYER ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Receivables Management Systems ("RMS")

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

    A.    The Settlement Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Settlement Class.

    C.    The individual claims of Plaintiff are typical of the claims of the Settlement Class;

    D.    Plaintiff is an appropriate and adequate representative for the Settlement Class;

    E.    The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

    F.    A class action is superior to other methods for fairly and efficiently settling this controversy;

    G.    With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Ari Marcus and Yitzchak Zelman, will

fairly and adequately represent the interests of the Settlement Class;

H.  With respect to the proposed Agreement, after consideration of the Agreement attached as *Exhibit A* to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.  and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a)  defines the "Settlement Class" as:

    "All Maryland consumers who were sent collection letters and/or notices from Defendant, during the period of February 04, 2019 to present, attempting to collect a consumer debt owed to or allegedly owed to Patient First, which included a $40.00 collection fee, when no such fee was expressly authorized by the agreement creating the debt."

    (b)  defines the "Class Claims" as those claims arising from RMS's collection letters, wherein RMS sent consumers written collection communications which attempted to collect a fee not authorized by the agreement creating the debt or permitted by law.

    (c)  appoints Plaintiff as the Class Representative; and

    (d)  appoints Plaintiff's counsel, Ari Marcus and Yitzchak Zelman, as Class Counsel.

2. The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of the Settlement Class Members as shown in RMS's business records. The Class Administrator will cause the Class Notice to be mailed to Settlement

Class members on or before __March 31__, 2021. The Class Administrator will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class members shall have until __May 17__, 2021, to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and RMS by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of Maryland, and serve copies of the objection on counsel for both Plaintiff and RMS by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, the request for exclusion or objection must be postmarked by __May 17__, 2021.

5. If not already filed, RMS shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

**IT IS SO ORDERED**

_Ellen L. Hollander_
Honorable Ellen L. Hollander
Judge, United States District Court

3